UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| STEPHEN KNOWLES, et al. ) | |
| ) | |
| Plaintiffs, ) | |
| ) | |
| v. ) | No. 1:17-cv-01649-SEB-MJD |
| ) | |
| ALL PRO CAULKING & FIRESTOPPING, ) | |
| INC., ) | |
| ) | |
| Defendant. ) | |

**ORDER ON DEFENDANT'S MOTION TO SET ASIDE ENTRY OF JUDGMENT ENTRY**

Now before the Court is Defendant's Motion to Set Aside Judgment Entry [Dkt. 38]. For the reasons detailed below, we <u>DENY</u> Defendant's Motion.

**Factual Background**

Plaintiffs brought this action against Defendant under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1001, on May 18, 2017, alleging that Defendant owed certain unpaid fringe benefit contributions. To resolve the matter, the parties entered into an installment note repayment agreement pursuant to which Defendant is required to pay a principal amount of $65,000.00 in installment payments, with the last payment scheduled to be made on June 1, 2021. On November 12, 2018, pursuant to Federal Rule of Procedure 41, Plaintiffs filed an Agreed Stipulation of Dismissal (the "Stipulation"), which provided in relevant part that:

> [The parties] having resolved all outstanding issues in this litigation, hereby stipulate and agree to the dismissal of this action per the terms of the parties' settlement agreement *without prejudice* with leave to reinstate on or

1

> before July 1, 2021.  If no motion to reinstate is filed by July 1, 2021, then
> this dismissal is with prejudice as of that date.  Reinstatement may be
> sought only based on Defendant's failure to make installment note
> payments per the settlement agreement.

Dkt. 32 (emphasis added).

On November 16, 2018, the Court entered a marginal order acknowledging the Stipulation.  The November 16 Order is an exact copy of the parties' filed Stipulation, except that it includes at the top right-hand corner the following language: "Acknowledged.  This matter is hereby dismissed *with prejudice*."  Dkt. 33 (emphasis added).  Neither party thereafter brought to the Court's attention that the November 16 Order did not precisely track their Stipulation.

On February 26, 2021, Plaintiffs filed their Motion to Reinstate and for Entry of Judgment [Dkt. 34] against Defendant and in favor of Plaintiffs in the amount of $10,706.50 on grounds that Defendant had breached the terms of the installment note on February 1, 2021 by failing to make the required note payments by the specified due dates.  Defendant filed no response to Plaintiffs' motion.

On June 14, 2021, the Court granted Plaintiffs' motion and entered judgment against Defendant as requested by Plaintiffs.  Four days later, on June 18, 2021, Defendant filed its Motion to Set Aside the June 14, 2021 Order and Entry of Judgment [Dkt. 38], on grounds that, because the Court dismissed the case with prejudice, Plaintiffs were required to bring a new action for the alleged breach of the parties' settlement agreement.  To the extent the Court determines that Plaintiffs' motion for entry of judgment was properly filed in the present action, Defendant argued, it requests that it be

permitted thirty (30) days within which to respond to the motion because Plaintiffs failed to provide proper notice and service of the motion under the Federal Rules of Civil Procedure.

## Discussion

Plaintiffs filed the Stipulation in this case pursuant to Federal Rule of Civil Procedure 41(a), which provides, with certain exceptions not applicable here, that a plaintiff may dismiss an action without a court order by filing a stipulation of dismissal signed by all parties who have appeared. Fed. R. Civ. P. 41(a)(1)(A)(ii). Such a dismissal is without prejudice unless the stipulation provides otherwise. Fed. R. Civ. P. 41(a)(1)(B).

Seventh Circuit law is clear that stipulated dismissals under Rule 41(a)(1)(A)(ii), such as the one filed here, do not require judicial approval, and once filed, take effect immediately. *E.g.*, *McCall-Bey v. Franzen*, 777 F.2d 1178, 1185 (7th Cir. 1985) ("Rule 41(a)(1)(A)(ii) requires that the stipulation be filed in court, and the date of filing is the date the dismissal takes effect."). It is also well established that, once such a stipulation is filed, the district court lacks authority to issue subsequent orders concerning the merits of the case that contradict the agreed terms to which the parties have stipulated. *See, e.g.*, *Smith v. Potter*, 513 F.3d 781, 782–83 (7th Cir. 2008) (holding that it was improper for the district court to enter an order dismissing a case with prejudice after the plaintiff submitted a filing that voluntarily dismissed the action without prejudice under Rule 41(a)(1)). This is because it is the filing under Rule 41(a)(1) "itself [that] effectuate[s] the dismissal of the suit …." *Id.* at 782; *accord Jenkins v. Vill. of Maywood*, 506 F.3d

622, 624 (7th Cir. 2007) (recognizing that "Rule 41(a)(1) specifies that a plaintiff may dismiss an action without an order of court by filing a stipulation of dismissal signed by all parties who have appeared in the action" and the court's subsequent order relating to the dismissal was "superfluous because under Rule 41(a), the dismissal [is] effective immediately upon" the stipulation's filing).

     The Stipulation was therefore effective as of November 12, 2018, that is to say, immediately upon its filing, and the case was dismissed *without prejudice* on that date with leave to reinstate before July 1, 2021, per the agreed terms set forth in the Stipulation. Once the Stipulation was filed, "the case was gone; no action remained for the district court to take." *Potter*, 513 F.3d at 782. Accordingly, the Court's November 16, 2018 Order acknowledging the Stipulation that contained a scrivener's error indicating that the case had been dismissed *with prejudice* was "superfluous because under Rule 41(a), the dismissal [was] effective immediately upon [its] filing…." *Jenkins*, 506 F.3d at 624. Because the terms of the Stipulation govern the dismissal, Plaintiffs were free to file their Motion to Reinstate and for Entry of Judgment, and, after there was no response from Defendant, the Court was free to rule on that motion. Thus, we reject Defendant's argument that the Entry of Judgment must be set aside because Plaintiffs were required to file a new action for breach of the parties' settlement agreement.

     Alternatively, Defendant requests that the Entry of Judgment be set aside to allow Defendant thirty days to respond to the Motion to Reinstate and for Entry of Judgment on grounds that it was not properly served with the motion. Specifically, Defendant argues:

4

> Plaintiff proceeded to file the Motion to Reinstate and Entry of Judgment in an action that was closed of record and per the Court's November 16, 2018 Order had been dismissed with prejudice, purporting to achieve service on All Pro Caulking & Firestopping, Inc. by electronically serving counsel that were originally of record two and a half years ago and that he knew or should have known no longer represented All Pro Caulking & Firestopping, Inc. and for which he took no further actions to establish effective notice to the Defendant.

Dkt. 38 ¶ 6. However, Plaintiffs have presented evidence establishing that, in addition to being served electronically through its counsel of record (who had never withdrawn their appearances), Defendant was also served through its Registered Agent, Russell Petty, on February 26, 2021. Accordingly, we find that Defendant was properly noticed and served with Plaintiff's Motion to Reinstate and for Entry of Judgment such that it had the opportunity to respond to the motion had it desired to do so. We therefore reject Defendant's claim otherwise.

## Conclusion

For the foregoing reasons, Defendant's Motion to Set Aside Entry of Judgment [Dkt. 38] is not well-taken and it is therefore <u>DENIED</u>. The remaining motions pending on the docket will be addressed by the Court in due course.

IT IS SO ORDERED.

Date: 2/10/2022

_Sarah Evans Barker_
SARAH EVANS BARKER, JUDGE
United States District Court
Southern District of Indiana

Distribution:

Christopher Steven Drewry
DREWRY SIMMONS VORNEHM, LLP (Carmel)
cdrewry@dsvlaw.com

Daniel Michael Drewry
DREWRY SIMMONS VORNEHM, LLP (Carmel)
ddrewry@dsvlaw.com

Donald D. Schwartz
ARNOLD AND KADJAN, LLP
dds@aandklaw.com